IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 18-23821-GLT |
| | Chapter 13 |
| CUTHBERT G. DAVISON, | |
| *Debtor*. | |
| | |
| CUTHBERT G. DAVISON, | Related to Dkt. Nos. 41 & 48 |
| *Movant*, | |
| v. | |
| BANK OF NEW YORK MELLON, | |
| *Respondent*. | |

**FILED**
JUL 05 2019
CLERK, U.S. BANKRUPTCY COURT
WEST DIST. OF PENNSYLVANIA

## ORDER (A) SETTING DISCOVERY AND PRETRIAL DEADLINES AND (B) ESTABLISHING EVIDENTIARY HEARING/TRIAL DATE

The matter presently before the Court is Debtor's *Objection to Proof of Claim* [Dkt. No. 41] filed on April 19, 2019, and objecting to the claim of Respondent. A *Response* [Dkt. No. 48] was filed on May 6, 2019, and the Court held a hearing on these matters on July 3, 2019. For the reasons stated on the record at the July 3, 2019 hearing, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Discovery for this matter shall commence immediately and shall close at the end of the day on **October 3, 2019**. Discovery requests shall be served so that responses are due on or before the date that discovery closes.

2. The parties shall meet and confer to discuss a resolution of this matter and shall cooperate in the preparation of the joint reports referenced in ¶ 3(a), as well as the exchange of all documents incidental and related to the matter at issue.

3. All of the following shall be completed on or before **October 30, 2019**:

1

a. The parties shall jointly file (i) a *Joint Exhibit List* identifying all exhibits each party will offer at any evidentiary hearing on this matter (the "Evidentiary Hearing"); and (ii) a *Stipulation of Facts* identifying all undisputed facts on which the Court may rely when rendering its decision. Objections to an exhibit must be referenced on the *Joint Exhibit List*. Exhibits that do not have an objection listed on the *Joint Exhibit List* will be admitted without further testimony. Any objections identified on the *Joint Exhibit List* will be resolved by the Court prior to the admission of the contested exhibit. No documents other than those listed as proposed exhibits on the *Joint Exhibit List* will be admitted at the time of the Evidentiary Hearing unless counsel shows cause for their prior nondisclosure. The mere inability to timely locate documents shall not constitute cause.

b. Each party shall separately file the following documents related to the presentation of their case: (i) a witness list; (ii) all exhibits proposed to be introduced at the Evidentiary Hearing; (iii) all expert reports (including a color copy of appraisal(s)), if any; and (iv) a pretrial memorandum identifying any issues of law and contested issues of fact.

c. Each party shall provide the Court with three courtesy copies of their exhibits in three-ring binders, with each exhibit separately tabbed.[1] Each exhibit page contained in the binder shall be consecutively numbered (*i.e.*, Bates stamped) in the lower right hand corner of each page of the collective exhibit documents, from the first page to the last page, independent of any exhibit identification numbers previously placed on a respective exhibit. The Movant shall identify his exhibits by letter, and the Respondent shall identify its exhibits by number.

4. A final pretrial conference for this contested matter will occur on **November 6, 2019** at **9:00 a.m.** in Courtroom A, 54th Fl., U.S. Steel Tower, 600 Grant St.,

---

[1] Counsel shall be expected to provide additional copies to opposing counsel. The rings on the binders shall not exceed three inches.

Pittsburgh, Pa. 15219 for the purpose of establishing a date for the Evidentiary Hearing, formulating a plan for the Evidentiary Hearing (including facilitating the admission of evidence), resolving any disputes that may have arisen during preparation for the hearing, and adjudging evidentiary matters. The parties also shall be prepared to discuss settlement at the final pretrial conference. Lead trial counsel for each party must attend the final pretrial conference.

       5.     In addition to the instructions set forth in this *Order*, the parties shall comply with the Court's general procedures as set forth on its webpage at http://www.pawb.uscourts.gov/glt-proc.htm, including the pretrial forms provided therein.

       6.     The failure of any party to comply with the terms of this *Order* may result in the imposition of sanctions, including without limitation the prohibition against such party from offering testimony at the Evidentiary Hearing and/or the entry of judgment against them.

Dated: July 5, 2019

                                        GREGORY L. TADDONIO
                                        UNITED STATES BANKRUPTCY JUDGE

<u>Case Administrator to mail to</u>:
Debtor
Mark Moynihan, Esq.
James Warmbrodt, Esq.
Ronda J. Winnecour, Esq.
Office of the U.S. Trustee

3

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
Cuthbert G. Davison  
       Debtor

Case No. 18-23821-GLT  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0315-2     User: bsil     Page 1 of 1     Date Rcvd: Jul 05, 2019  
                Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 07, 2019.  
db          +Cuthbert G. Davison,   6206 Wellesley Ave,    Pittsburgh, PA 15206-1725

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.        TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 07, 2019                   Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 5, 2019 at the address(es) listed below:
       James   Warmbrodt    on behalf of Creditor    The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certif bkgroup@kmllawgroup.com  
       James   Warmbrodt    on behalf of Creditor    THE BANK OF NEW YORK MELLON, et.al. bkgroup@kmllawgroup.com  
       Mark G. Moynihan    on behalf of Debtor Cuthbert G. Davison mark@moynihanlaw.net, moynihan.mark@gmail.com;moynihanmr71581@notify.bestcase.com  
       Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov  
       Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com  
       Thomas   Song    on behalf of Creditor    THE BANK OF NEW YORK MELLON, et.al. pawb@fedphe.com  
                                                           TOTAL: 6